By the Court.

In this case a rule has been made on the Judge of the first Judicial District, to shew cause, why a mandate should not issue from this Court, requiring hint* to make a statement of facts, according to the terms of the act organising the Supreme Court, &c.-
Th e counsel for the defendant, who prayed the appeal, having considered the cause shewn sufficient, moves the Court to make the rule absolute : it appears that application was' made to the Judge below to fix the statement of facts, before the judgment was actually signed ; and agreeably to a decision heretofore rendered by this Court, in Hellis’ syndics vs. Asselvo, ante 201, it was considered.that a party, desiring an appeal from any of the inferior courts, may obtain from the Judge a statement of facts, at any time before the actual signing of the judgment. The right to appeal is positive, and clearly given by the constitution and laws of the state ; it is'limited to two years. The provisions of law, by which the manner of bringing up an appeal is prescribed, are only relative to this right. In the' cause shewn by the Judge of the District Court, he states that his judgments are frequently not signed until after the lapse of time provided by law, and that in such cases the signatüre is affixed mcic pro tunc, but, by a fiction relates back to the period at which they *390 to .have been signed. As the law requires positively that judgments rendered by the inferior courts should be signed, we were of opinion in. the case above cited, that, without this solemnity the judgment is not so complete, but that a statement of facts ought to be made by the Judge, if properly applyed for. Fictions of law are not tolerated by courts of justice, except to promote its ends, and secure the absolute rights of suitors.
It is, therefore, ordered that the rule heretofore granted in this case be made absolute and that a mandate issue as requested.